# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abigail Ratchford, et al.<br><br>                Plaintiffs,<br><br>  v.<br><br>Dalton Corporation d/b/a Chicas Cabaret,<br><br>                Defendant. | Case No.19-cv-1421-PHX-SRB<br><br>**CONSENT JUDGMENT** |

Plaintiffs and Defendant respectfully petition the Court for entry of this Final Consent Judgment and would show the Court as follows:

1. This is an action for damages and injunctive relief brought alleging violation of Arizona's common law right of publicity, false light, and violations of the Lanham Act, 25 U.S.C. § 1125(a)(1)(A) and (a)(1)(B), relating to advertisements published by Defendant depicting images of Plaintiffs. These advertisements were published using multiple social media venues, including but not limited to Chicas Cabaret's Facebook and Instagram accounts.

2. Plaintiffs alleged in the Complaint that Defendant used their images without consent or remuneration, and that the advertisements depicted Plaintiffs in a manner that stated or implied that they were promoting Chicas Cabaret, worked

1  thereat, or were otherwise associated, affiliated, or connected with same.

2      3.    At the time of certain of Defendant's alleged violations, it was insured by insurance Policy Number ERG00067300, issued by Watford Specialty Insurance Company ("Watford").

    4.    Dalton has tendered a request for defense and indemnification to Watford pursuant to the above-referenced policy.

    5.    Watford has denied coverage, refused to defend, to advance defense costs, to indemnify, or to consider settlement of the claims brought against Defendant in this action.

    6.    Plaintiffs and Defendant have therefore entered into a settlement agreement pursuant to which Defendant consents to entry of the following judgment for the purpose of compromising disputed claims: a judgment in the amount of FIVE HUNDRED AND SIXTYY FIVE THOUSAND DOLLARS ($565,000.00) (the "Stipulated Judgment").

    7.    The amount of the Stipulated Judgment is reasonable in light of what a jury might reasonably award in compensation attributable to Defendant's alleged conduct coupled with the amount of attorneys' fees and costs a Court may reasonably award pursuant to 25 U.S.C. § 1125 in the event Plaintiffs prevail at trial.

    8.    Further, as part of the parties' settlement, Defendant has agreed that once the Stipulated Judgment is entered herein, Dalton will assign to Plaintiffs all of its rights, claims, and causes of action against Watford and its agents, brokers, employees, officers and all other persons or entities to or arising out of (i) any applicable insurance

policy or policies; (ii) the claims made by Plaintiffs against Defendant herein; and, (iii) any other assignment entered into by and between Plaintiffs and Defendant (the "Assigned Claims).

9. In consideration for these assignments, and effective after such assignments have been delivered to Plaintiffs, Plaintiffs agree to not take any action of any kind to assign, document, record, registered as a lien, or collect against Defendant, or any officer, owner or agent thereof, the Stipulated Judgment; save and except for Dalton's assets consisting of any and all right, title and interest in the Watford policy together with all of their respective rights, claims, and causes of action in the Assigned Claims (the "Dalton Covenant").

10. Plaintiffs will thereafter dismiss this suit, with prejudice, against Dalton.

11. The Parties settlement is reasonable.

12. The Stipulated Judgment will be the complete and final judgment addressing all claims in asserted by Plaintiffs in this lawsuit against Dalton

13. This Judgment and the agreements and documents referred to herein contain the entire agreement and understanding among the Parties with respect to the subject matter hereof and supersede all prior agreements and understandings, whether written or oral. The Parties are not relying, nor shall in any way rely, upon any oral or written agreements, representations, warranties, statements, promises, or understandings not specifically set forth in this Agreement, and waive any right to assert or claim that they were induced to enter into this Agreement by any

3

representation, promise, statement or warranty which is not expressly set forth in this agreement.

14. Nothing in this Agreement shall be construed as giving any person, firm, corporation or other entity, including Watford, other than the signatory parties hereto, and their respective successors and permitted assigns, any right, defense, remedy or claim under or in respect to this Agreement or any provision hereof.

15. For all purposes of this Agreement, time is of the essence.

16. The Parties acknowledge and agree that all parties and their counsel participated in negotiating and drafting this Agreement, no rule of construction shall apply to this Agreement which construes any language, whether ambiguous, unclear otherwise, in favor of, or against, any party by reason of the party's role in drafting this Agreement.

17. The motion for entry of judgment is well taken and should be GRANTED.

**IT IS THEREFORE ORDERED THAT**:

A. Judgment is entered in this action in favor of Plaintiffs ABIGAIL RATCHFORD, LUCY PINDER, PAIGE HATHAWAY, VIDA GUERRA, and EMILY SEARS against defendant DALTON CORPORATION d/b/a CHICAS CABARET for all claims set forth in the Complaint, in the amount of FIVE HUNDRED AND SIXTY FIVE THOUSAND DOLLARS ($565,000), plus post-judgment interest beginning on the date this judgment is entered until final

payment.

B.   Plaintiffs shall not assign or, upon the Dalton Covenant becoming effective, execute, or otherwise attempt in any manner to collect on the Stipulated Judgment except as to Dalton's assets consisting of any and all right, title and interest in the Watford Policy together with all of their respective rights, claims, and causes of action in the Assigned Claims.

C.   Upon the assignment of the Assigned Claims to Plaintiffs by Dalton, the Dalton Covenant shall become effective.

D.   Within ten (10) days after the Dalton Covenant becomes effective, Plaintiffs shall file a stipulation of discontinuance, dismissing all claims against Dalton with prejudice.

E.   The Court will continue to retain jurisdiction over this matter.

Dated this 4th day of March, 2021.

_____
Susan R. Bolton
United States District Judge